UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Ray Anthony James,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal Case No. 14-193 ADM
Civil Case No. 15-4262 ADM

---

Kevin S. Ueland, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Ray Anthony James, *pro se.*

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Ray Anthony James' ("James") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("2255 Motion") [Docket No. 43]. For the reasons set forth below, James' motion is denied.

## II. BACKGROUND

On June 10, 2014, James was charged in the District of Minnesota with a one-count Information [Docket No. 9] alleging Illegal Reentry After Deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). James had been previously deported on October 25, 2001, after his conviction in 1993 for Attempt to Distribute Cocaine in the United States District Court for the Northern District of Illinois. Id.

On June 25, 2014, James pled guilty to the Illegal Re-entry charge. See Min. [Docket No. 12]. In the plea agreement, James acknowledged his 1993 conviction and his 120 month

sentence.  Plea Agreement [Docket No. 14] ¶ 2.  The parties stipulated in the plea agreement that the base offense level under the United States Sentencing Guidelines was 8 and that a 16-level increase applied because James had previously been removed after the 1993 conviction—a felony drug trafficking offense for which the sentence imposed was 13 or more months and for which James received criminal history points.  Id. ¶¶ 5a and 5b.

The plea agreement additionally included an appellate waiver.  Under the waiver, James waived his right to appeal unless his sentence exceeded 71 months imprisonment.  Id. ¶ 9.  James also agreed to waive his right to seek relief under 28 U.S.C. § 2255, except for asserting claims of ineffective assistance of counsel.  Id.

At his March 23, 2015 sentencing hearing James objected to the 16-level enhancement, asserting a *pro se* argument that his conviction for Use of a Firearm in Relation to a Drug Trafficking Offense was not a crime of violence.  See Sentencing Tr. [Docket No. 29] 4:3–6:25.  The Court overruled James' objection and applied the 16-level enhancement, citing James' prior conviction for a drug trafficking offense for which he received a sentence of more than 13 months imprisonment and criminal history points.  Id. at 2:25–3:12.  After determining that the applicable Guideline range was 41 to 51 months, the Court departed downward sentencing James to 30 months of imprisonment.  Id. at 3:13–3:15; 15:20–17:17.

On March 26, 2015, James filed a timely Notice of Appeal [Docket No. 22].  James' counsel filed a brief arguing that his sentence was substantively unreasonable under Anders v. California, 386 U.S. 738 (1967).  James submitted an additional *pro se* brief in which he claimed his attorney was ineffective for not arguing that the 16-level enhancement was inapplicable because he was not convicted of a crime of violence.  On August 26, 2015, the Eighth Circuit

2

Court of Appeals denied his appeal based on the appeal waiver. United States v. James, 612 F. App'x 868 (8th Cir. 2015). The Eighth Circuit did not address James' arguments regarding ineffective assistance of counsel. Id.

On November 24, 2015, James filed the present § 2255 Motion to vacate his sentence. In this motion, James seeks relief based on four grounds:

> 1. The Court erred in imposing the 16-level enhancement for his prior conviction because it was not a violent crime;
>
> 2. He did not knowingly and intelligently waive the right to appeal his deportation order;
>
> 3. His trial counsel was ineffective because counsel failed to investigate his prior conviction to establish that the 16-level enhancement was erroneous;
>
> 4. His trial counsel was ineffective in failing to obtain immigration documents to raise a collateral challenge to the underlying deportation proceeding.

2255 Motion at 2.

### III.  DISCUSSION

**A.  Standard for Relief Under 28 U.S.C. § 2255**

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). A prisoner is entitled to an evidentiary hearing on a § 2255 motion; however, a hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the

3

allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

## B. Waiver

James first argues that the Court erred by imposing the 16-level enhancement because his prior conviction was not for a violent crime. James next argues that he did not knowingly and intelligently waive the right to appeal his deportation order. Both of James' arguments, however, are barred by the appellate waiver in his plea agreement.

The Eighth Circuit has held that a knowing and voluntary waiver of direct appeal rights is generally enforceable. United States v. Goings, 200 F.3d 539, 543 (8th Cir. 2000). The Plea Agreement provides as follows:

> 9. **Waivers of Appeal and Collateral Attack.** The defendant understands that 18 U.S.C. Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. Section 3742 to appeal his sentence, unless the sentence exceeds 71 months. In addition, the defendant expressly waives the right to petition under 28 U.S.C. Section 2255. However, the waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

Plea Agreement ¶ 9. Absent a showing that the appellate waiver was not knowing and voluntary, it may be enforced. United States v. Morrison, 171 F.3d 567, 568 (8th Cir. 1999). James has not argued that his appellate waiver was anything but knowing and voluntary. Additionally, James' sentence of 30 months imprisonment was well below the 71 month minimum specified in the appeal waiver. Thus, with the exception of ineffective assistance of counsel claims, the waiver

precludes James from from collaterally attacking or directly appealing his sentence. Accordingly, the appeal waiver prohibits James' arguments that the Court erred by imposing the 16-level enhancement and that his waiver of the right to appeal the deportation order was not knowing and voluntary.

**C. Ineffective Assistance of Counsel**

James asserts two grounds of ineffective assistance of counsel in his 2255 Motion. First, James argues that his trial counsel was ineffective for failing to investigate his prior conviction and therefore challenge the 16-level enhancement. Second, James further contends that his counsel was ineffective for failing to obtain immigration documents in order to challenge the underlying deportation proceedings.

In order to prevail on a claim of ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong, the defendant must show that the representation "fell below an objective standard of reasonableness," which is measured according to prevailing professional norms. Id. at 687–88. A court's review of counsel's performance must be highly deferential. Id. at 689. To establish prejudice under the second prong, the defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that "undermine[s] confidence in the outcome." Id. A court need not determine whether counsel's performance was deficient if the prejudice prong is not satisfied. Id. at 697.

**1. Failure to Investigate Prior Conviction**

James' first argument pertaining to the failure of his trial counsel to investigate his prior conviction does not satisfy the high standard set forth in Strickland.  James mistakenly claims that the Court imposed the 16-level enhancement because it considered his prior conviction for Use of a Firearm in Relation to a Drug Trafficking Offense a "crime of violence."  The record shows, however, that the 16-level enhancement was applied because James was convicted of a drug trafficking offense for which he received more than 13 months of imprisonment and criminal history points.  Therefore, any investigation into James' prior conviction would not be relevant to the imposition of the 16-level enhancement because the enhancement did not turn on whether James' prior conviction was a crime of violence.  As a result, James has not demonstrated how his counsel caused him any prejudice.

**2.  Failure to Obtain Immigration Documents**

James also argues that his trial counsel was ineffective for failing to obtain immigration documents that could have been used to collaterally attack the underlying immigration proceedings under United States v. Mendoza-Lopez, 481 U.S. 828 (1987).  In Mendoza-Lopez, the Supreme Court held that the government may not rely on a deportation order to support a § 1326 conviction if "fundamental procedural defects of the deportation hearing" deprived the aliens of "their rights to appeal."  Mendoza-Lopez, 481 U.S. at 841–42.

8 U.S.C. § 1326(d) specifies that to collaterally attack the prior deportation order, it must be demonstrated that "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of

the order was fundamentally unfair." 8 U.S.C. § 1326(d). Consistent with § 1326(d), the Eighth Circuit construes Mendoza-Lopez "as barring use of a prior deportation order in a § 1326 prosecution when '(1) an error in the deportation proceedings rendered the proceedings fundamentally unfair in violation of due process, and (2) the error functionally deprived the alien of the right to judicial review.'" United States v. Mendez–Morales, 384 F.3d 927, 929 (8th Cir. 2004) (quoting United States v. Torres–Sanchez, 68 F.3d 227, 230 (8th Cir. 1995)).

In addition to failing to demonstrate that his administrative remedies are exhausted, James cannot show that the entry of the deportation order was fundamentally unfair. The Eighth Circuit has consistently held that "an error cannot render a proceeding fundamentally unfair unless that error resulted in prejudice." Mendez-Morales, 384 F.3d at 931 (quoting Torres–Sanchez, 68 F.3d at 230). Prejudice means "a reasonable likelihood that but for the errors complained of the defendant would not have been deported." Mendez-Morales, 384 F.3d at 931-932.

James' primary complaint is that he was without counsel at the deportation hearing and was not notified of his right to counsel of his choosing or of the availability of pro bono legal services pursuant to 8 C.F.R. § 1240.10(a)(2). While there is a statutory right to counsel at the alien's own expense, there is no Sixth Amendment right to appointed counsel at a deportation hearing. Torres-Sanchez, 68 F.3d at 230. Although deprivation of the right to counsel may constitute a due process violation in limited circumstances, even where there is deprivation of counsel, the alien suffers no prejudice if the alien was presumed deportable. Id. at 232. An individual convicted of a felony drug trafficking conviction is presumed deportable. United States v. Perez-Ponce, 62 F.3d 1120, 1122 (8th Cir. 1995) (citing 8 U.S.C. §§ 1101(a)(43) and 8

U.S.C. § 1227(a)(2)(A)(iii)).  Since James' deportation resulted from a conviction for attempted distribution of cocaine, an aggravated felony, he was presumably deportable.  Therefore, James was not prejudiced by any errors in his deportation proceedings[1].  Accordingly, even if James' trial attorney would have obtained documents to challenge the underlying deportation order, any collateral attack on the deportation would necessarily fail because the deportation proceedings were not fundamentally unfair.  James cannot show any prejudice under the second prong of Strickland, and his ineffective assistance of counsel claims fail.

## IV.  CERTIFICATE OF APPEALABILITY

The Court will not issue a certificate of appealability.  A court may grant a certificate of appealability only where the defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in this motion differently, or that any of the issues raised in the motion would be debatable among reasonable jurists.

---

[1] In his Reply, James claims that he would have qualified for § 212(c) relief and thus may not have been deported [Docket No. 47].  If this were true, James may have been prejudiced by the alleged errors in his deportation proceedings.  However, James was not actually eligible for § 212(c) relief under the law that existed at the time of his 1993 conviction.  After a 1990 amendment, § 212(c) precluded from discretionary relief anyone convicted of an aggravated felony who had served at least five years in prison on that conviction.  I.N.S. v. St. Cyr, 533 U.S. 289, 297 (2001).

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Ray Anthony James' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 43] is **DENIED**. A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


      s/Ann D. Montgomery      
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 17, 2016.